# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Steadfast Insurance Company, <br><br> Plaintiff, <br><br> v. <br><br> Global Travel Alliance, Inc., <br><br> Defendant. | Case No. 20-cv-01863 (SRN/DTS) <br><br> **MEMORANDUM OPINION AND ORDER** |

Peter G. Van Bergen and Robyn K. Johnson, Cousineau, Van Bergen, McNee & Malone, P.A., 12800 Whitewater Drive, Suite 200, Minnetonka, MN 55343, and Ellen Margolis (*pro hac vice*), Mound Cotton Wollan & Greengrass LLP, One New York Plaza, New York, NY 10004, for Plaintiff.

Kevin D. Hofman and Lauren Hoglund, Messerli & Kramer P.A., 100 South Fifth Street, Suite 1400, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter comes before the Court on Defendant Global Travel Alliance, Inc.'s ("Global Travel") Motion to Transfer Venue to the District of Montana under 28 U.S.C. § 1404(a) [Doc. No. 14]. For the reasons set forth below, the Court **DENIES** the motion.

## I. BACKGROUND

### A. The Parties

Plaintiff Steadfast Insurance Company ("Steadfast") is an Illinois corporation that has its principal place of business in Illinois. (*See* Compl. [Doc. No. 1] ¶ 1.)

Defendant Global Travel is a Montana corporation. (First Screnock Decl. [Doc. No. 18] ¶ 3.) The parties, however, disagree as to the location of Global Travel's principal place

1

of business. Global Travel contends that it is in Montana, while Steadfast believes it is in Minnesota. (*See* Def.'s Mem. in Supp. of Mot. to Transfer Venue ("Def.'s Mem.") [Doc. No. 16] at 5-6; Pl.'s Mem. in Opp'n to Def.'s Mot. to Transfer Venue ("Pl.'s Opp'n") [Doc. No. 20] at 8-9.) Nevertheless, Steadfast agrees that Global Travel's principal place of business is "in a state other than Illinois." (Compl. ¶ 2.)

### B. Renewal of Steadfast Insurance Policy

In November 2019, Global Travel submitted an application to Aon Affinity, a producer for Steadfast, requesting the renewal of a Steadfast Travel Agents and Tour Operators Professional Liability Insurance Policy ("the Policy"). (*See* Hirsch Decl. and Corrected Exs. [Doc. Nos. 22, 23] Ex. A.) On the application, Global Travel listed its Burnsville, Minnesota address as the "[p]hysical location of [its] principal office" and listed a branch location in Florida. (*Id.* at 2.) Ethan Screnock, the President of Global Travel, who works out of an office in Montana, signed the application. (*Id.* at 4.) Global Travel also identified its location as Burnsville, Minnesota in an accompanying questionnaire, signed by Global Travel's Dan Porta, who works at the Burnsville office. (*See id.*, Ex. B; Second Screnock Decl. [Doc. No. 26] ¶ 7.) Later, in December 2019, Porta signed a Policy Order Form, accepting Aon's coverage quotation, and paid the Policy premium. (*See* Hirsch Decl. and Corrected Exs., Exs. C, D.)

Steadfast issued the Policy to Global Travel for the period January 1, 2020 to January 1, 2021. (*Id.*, Ex. E.) As relevant here, Coverage C of the Policy provides professional liability coverage for sums the insured must pay as "Damages arising out of a

2

negligent act or negligent omission" in the conduct of "Travel Agency Operations." (*Id.*) The Policy also contains a number of exclusions. (*See id.*)

### C. The Montana Litigation

On April 24, 2020, Global Travel was named as the defendant in a putative class action lawsuit in the U.S. District Court for the District of Montana. *See* Compl., *Sides v. Global Travel Alliance*, No. 1:20-cv-00053-SPW-TJC (D. Mont. Apr. 24, 2020), [Doc. No. 1-1]. The lawsuit was brought by the parents of five school aged children, alleging that Global Travel cancelled and/or postponed certain educational tours due to the COVID-19 pandemic and then refused to refund all of the monies paid for the tours. *Id.* ¶¶ 12-17. The putative class members are citizens of different states. *Id.* ¶¶ 2-3.

Global Travel tendered its defense for the Montana litigation to Steadfast and sought indemnification under the Policy. (Compl. ¶ 28.) On June 19, 2020, Steadfast agreed to provide a defense to Global Travel subject to "a full and complete reservation of all of its rights." (Van Bergen Decl. [Doc. No. 24] Ex. 4.)

### D. The Instant Litigation

On August 28, 2020, Steadfast commenced this declaratory judgment action in the District of Minnesota, seeking a declaration that it need not defend or indemnify Global Travel in the Montana litigation because the claims in the Montana litigation do not allege any negligent act or omission as required by the Policy. (*See* Compl. ¶¶ 27-42.) It further argues that several Policy exclusions exclude coverage. (*Id.* ¶¶ 30-39.)

Steadfast tried to serve Global Travel with this lawsuit at a Billings, Montana address listed in the Montana Secretary of State's database, but was unsuccessful because

3

Global Travel apparently no longer maintains an office at that location. (Van Bergen Decl. ¶¶ 2-3; *id.*, Ex. 2.) However, Steadfast was able to serve Global Travel—through Porta—at its Minnesota office. (*Id.* ¶ 4; *id.*, Ex. 3.) Global Travel notes that it moved its Billings office to Bozeman in 2018 and 2019 and that this change in address had not been updated in the Secretary of State's database "because of an oversight during the moving process." (Second Screnock Decl. ¶ 3.)

## II. DISCUSSION

Global Travel moves to transfer this action to the District of Montana pursuant to 28 U.S.C. § 1404(a). Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district" where "it might have been brought." 28 U.S.C. § 1404(a). Steadfast concedes that it could have brought this action in the District of Montana, where Global Travel is incorporated, but nevertheless contends that the relevant factors strongly weigh against transfer. (*See* Pl.'s Opp'n at 7.)

Courts consider "three general categories of factors" when deciding a motion to transfer under § 1404(a): "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997) (citing 28 U.S.C. § 1404(a)). However, the district court's evaluation of a transfer motion is not limited to these factors; instead, such a determination requires a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.* (citations omitted). "[I]n general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a

transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010) (per curiam) (quoting *Terra*, 119 F.3d at 695). Transfer motions "should not be freely granted." *In re Nine Mile Ltd.*, 692 F.2d 56, 61 (8th Cir. 1982) (per curiam), *abrogated on other grounds by Mo. Hous. Dev. Comm'n v. Brice*, 919 F.2d 1306 (8th Cir. 1990). The movant bears a "heavy burden" to show that a case should be transferred. *Austin v. Nestle USA, Inc.*, 677 F. Supp. 2d 1134, 1137 (D. Minn. 2009) (citations and internal quotations omitted). To satisfy this burden, the movant must show that the relevant factors weigh "strongly" in its favor. *Cosmetic Warriors, Ltd. v. Abrahamson*, 723 F. Supp. 2d 1102, 1105 (D. Minn. 2010). Courts have "much discretion" when weighing the relevant factors to determine whether to grant a motion to transfer under § 1404(a). *Id.*

### A. Convenience of the Parties

The Court first considers the convenience of the parties. In Global Travel's view, transferring this case to the District of Montana would be more convenient for the parties because it alleges that its principal place of business is in Montana and its owners and representatives live in Montana. (Def.'s Mem. at 5.) Global Travel further notes that Steadfast is an Illinois corporation and that, as such, it would be no more inconvenient for it to litigate in Montana rather than Minnesota. (*Id.* at 6.)

In response, Steadfast notes that Global Travel affirmatively acknowledged on the Policy application that its "principal office" was its Burnsville, Minnesota office, the Policy identifies physical offices in Minnesota and Florida but not Montana, the Policy formation activities occurred in Minnesota, and as a result, it has a significant presence in Minnesota.

(Pl.'s Opp'n at 8-9.) Consequently, Steadfast contends that Global Travel's principal place of business is in Minnesota and that the convenience of the parties does not tilt the scale in favor of Montana. (*Id.*)

Here, it is true that Global Travel is incorporated in Montana and that several of its executives are based in Montana. Nevertheless, without reaching the question of the location of Global Travel's principal place of business, it does have a significant presence in Minnesota, various Policy formation activities occurred in Minnesota, and the Policy identifies physical offices in Minnesota and Florida, but not Montana. And "it is [this Policy] that [is] directly at issue in this action," rather than the underlying liability issues in the Montana litigation. *See Charter Oak Fire Ins. Co. v. Burlington N. & Santa Fe Ry.*, No. 16-140 (JNE/HB), 2016 U.S. Dist. LEXIS 68509, at *8 (D. Minn. May 24, 2016). On balance then, the convenience-of-the-parties factor does not weigh in favor of transfer.

### B. Convenience of the Witnesses

Next, the Court considers the convenience of witnesses. When analyzing this factor, the Court cannot simply tally up the "sheer numbers of witnesses." *Terra*, 119 F.3d at 696 (citation omitted). Rather, it must evaluate the "materiality and importance" of the anticipated testimony. *BAE Sys. Land & Armaments L.P. v. Ibis Tek, LLC*, 124 F. Supp. 3d 878, 885 (D. Minn. 2015) (citation omitted). The party seeking transfer "must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover." *Id.* at 886 (citation omitted). In addition, this factor "focuses on non-parties because it is generally assumed that witnesses within the control of the party calling

them, such as employees, will appear voluntarily in a foreign forum." *Austin*, 677 F. Supp. 2d. at 1138 (citations and internal quotation marks omitted).

Here, Global Travel identifies only Ethan Screnock and Roy Peterson—two Global Travel executives who are based in Montana—as its witnesses, explaining that they will testify about: (1) the Policy application; and (2) their decision not to refund all of the monies paid for the educational tours. (Def.'s Reply in Supp. of Mot. to Transfer Venue ("Def.'s Reply") [Doc. No. 25] at 2-3.) Global Travel emphasizes that, although Porta executed the Policy in Minnesota, he was only acting as a "representative" of the executives in Montana and, consequently, he would not be the "primary witness" for Global Travel. (*Id.* at 3.) In response, Steadfast argues that this action will likely be decided on motions for summary judgment based on the Policy language and the allegations in the complaint in the Montana litigation. (Pl.'s Opp'n at 10.) To the extent that there is any relevant witness testimony, Steadfast contends that Global Travel's main witness would be Porta, who is based in Minnesota, because he submitted the Policy application, signed the renewal questionnaire, signed the Policy Order Form, and paid the Policy premium. (*Id.*)

Although Screnock and Peterson are based in Montana, Global Travel has not shown that the convenience-of-witnesses factor favors transfer. First, this factor focuses on non-party witnesses, and Global Travel has not identified any non-party witnesses that it intends to call. And the two witnesses it identifies—Screnock and Peterson—are Global Travel executives who would presumably appear voluntarily in Minnesota. *See Austin*, 677 F. Supp. 2d. at 1138. Moreover, even if Screnock and Peterson could offer testimony about the Policy application, it is not clear how this testimony would be relevant to the claim that
7

Steadfast brings, namely, a request for a declaratory judgment that it need not defend or indemnify Global Travel in the Montana litigation under the terms of the Policy. And if such testimony was relevant, Global Travel's Porta, who resides in Minnesota, may also possess that information.

Likewise, it is unclear how Screnock's and Peterson's testimony as to the merits of their decision not to refund all of the monies to the plaintiffs would be relevant to this case. This declaratory judgment action focuses on insurance coverage under the Policy and whether Steadfast must defend or indemnify Global Travel as to the claims asserted in the Montana litigation. Indeed, in the instant insurance coverage action, it is unlikely that witness testimony will be necessary. *See Cont'l Ins. Companies v. Wickes Companies, Inc.*, No. 90 CIV. 8215 (KMW), 1991 WL 183771, at *3 (S.D.N.Y. Sept. 6, 1991) ("The court need not scrutinize these [witness] lists as closely as it might in an ordinary transfer motion … because most insurance coverage disputes are decided on motions for summary judgment, and rarely proceed to trial."). Consequently, the Court finds that the convenience-of-witnesses factor does not weigh in favor of transfer.

### C. Interests of Justice

When considering the interests of justice, the Court considers: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." *Terra*, 119 F.3d at 696. Global Travel concedes that the factors concerning the ability to enforce a judgment, obstacles to a fair trial, and conflict of law

issues are "more or less neutral." (*See* Def.'s Reply at 4.) The Court addresses the remaining factors in turn.

Global Travel first argues that judicial economy weighs in favor of transfer because the Montana litigation is ongoing, and it would be more efficient to litigate this suit in the same court. (Def.'s Reply at 4.) It is true that § 1404(a) was designed to prevent "the waste[] of time, energy and money" that can result when "two cases involving precisely the same issues are simultaneously pending in different District Courts." *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960). Accordingly, courts have granted transfers "to districts where related actions are already pending to permit cases to be consolidated into one proceeding," such as when the claims in the transferor action are "dependent on proving the same [facts] as those that have been alleged in the [transferee] action." *Gemini Investors III, L.P. v. RSG, Inc.*, Civ. No. 08-5264 (ADM/JJG), 2009 U.S. Dist. LEXIS 22813, at *14-15 (D. Minn. Mar. 20, 2009).

The Court is not persuaded that transferring this action to the District of Montana would serve the interests of judicial economy. Steadfast's insurance coverage claim in this case is not dependent on the proof of the facts in the underlying Montana litigation. The coverage case focuses on the terms of the Policy and whether the claims alleged in the Montana litigation are encompassed within those terms. Further, Steadfast is not a party to the Montana litigation, and Global Travel does not argue that it would seek to consolidate the two cases if this case was transferred to the District of Montana. Consequently, Global Travel has not shown that judicial economy weighs in favor of transfer.

Next, Global Travel argues that, unlike the usual case, the Court should view Steadfast's choice of forum as neutral because Steadfast is not located in Minnesota. (Def.'s Reply at 4.) Global Travel is correct that courts afford less deference to a plaintiff's choice of forum when the plaintiff does not reside in the selected forum. *Nelson v. Soo Line R.R.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999); *see Austin*, 677 F. Supp. 2d at 1142 ("whatever weight a plaintiff's choice of forum obtains is diminished where (1) she does not reside in the chosen forum or (2) the underlying events did not occur there"). Nonetheless, "'less' deference does not mean 'no' deference," and Global Travel must still carry its burden to overcome Steadfast's choice of Minnesota as the forum for this action. *CBS Interactive, Inc. v. NFL Players Ass'n*, 259 F.R.D. 398, 408 (D. Minn. 2009) (citation omitted). In addition, even though Steadfast is not a resident of Minnesota, certain underlying events did occur in Minnesota. For example, Steadfast issued the Policy to Global Travel's Minnesota office, and Porta, who works in Minnesota, signed the renewal questionnaire, signed the Policy Order Form, and paid the Policy premium. And indeed, it is the Policy that is at the heart of this insurance coverage action. *See Charter Oak Fire Ins. Co.*, 2016 U.S. Dist. LEXIS 68509, at *20. Accordingly, although the Court gives less deference to Steadfast's choice of forum because it does not reside in Minnesota, Global Travel nevertheless fails to show that this factor is neutral, and the Court finds that it weighs against transfer.

Global Travel also argues that the comparative costs to the parties weigh in favor of transfer because its witnesses and principal office are located in Montana, making it more cost-effective to litigate in Montana. (Def.'s Reply at 4.) It further contends that Steadfast

will incur similar costs regardless of whether it litigates in Montana or Minnesota. (*Id.*) However, in light of the fact that the essential events surrounding the issuance of the Policy occurred in Minnesota, whether the costs of litigating this matter in Montana would be lower is unclear from this record.

Finally, Global Travel argues that Montana law will apply to the issues in this case and, as such, having a Montana court determine questions of Montana law favors transfer. (Def.'s Mem. at 7-8.) In response, Steadfast contends that Minnesota law applies to the insurance coverage issues in this action. (Pl.'s Opp'n at 12.) Because Global Travel has not provided any explanation nor made any showing that Montana law would apply in this action, Global Travel fails to show that this factor favors transfer. *Cf. Charter Oak Fire Ins. Co.*, 2016 U.S. Dist. LEXIS 68509, at *21 (observing that the parties disagreed as to which state's law would apply and then concluding that the parties' limited briefing on this factor did not support a finding that the factor weighed for or against transfer).

Accordingly, the Court finds that Global Travel has not shown that the relevant factors weigh strongly in favor of transfer and, therefore, falls short of meeting its heavy burden of showing that this case should be transferred to the District of Montana.

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Transfer Venue [Doc. No. 14] is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 24, 2021        s/Susan Richard Nelson
                           SUSAN RICHARD NELSON
                           United States District Judge